UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| Kathy Goodman, individually,<br>and on behalf of a class of similarly situated<br>persons, | } } } } | |
| Plaintiffs, | } } } | Cause No. __3:18-cv-62-TBR__ |
| | } } | **CLASS ACTION COMPLAINT** |
| v. | } } | |
| DeKalb County Solutions, Inc.<br>502 E. Main Street<br>Genoa, Illinois 60135 | } } } } } | JURY TRIAL DEMANDED |
| Defendant. | } } } | |
| **SERVE**:<br>Kentucky Secretary of State<br>700 Capital Ave., Ste. 152<br>Frankfort, Kentucky 40601 | } } } } } } | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

The Plaintiff, Kathy Goodman ("***Plaintiff***" or "***Ms. Goodman***"), individually and on behalf of

others similarly situated, by counsel, files this Complaint against Defendant, DeKalb County

Solutions, Inc., states as follows:

**INTRODUCTION**

1.     This is an action for actual and statutory damages brought by Plaintiff against the

Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15

(Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq*., (known

as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA***"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

## JURISDICTION AND VENUE

2.      Plaintiff a resident of Louisville, Jefferson County, Kentucky.

3.      Plaintiff is a "*consumer*" as that term is defined in the FDCPA with respect to the matters referred to herein.

4.      Defendant ("*Defendant*" or "*Dekalb County Solutions, Inc.*") is a corporation organized and existing under the laws of the state of Illinois.

5.      At all pertinent times herein, in this judicial district, Defendant regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

6.      Defendant is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters cited herein.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

8.      Venue in this District is proper because the Defendant transacts business in this District, Plaintiff was a resident of this District at all pertinent times herein, and the conduct complained of occurred here.

## FACTS

9.     On or about June 13, 2017, Defendant sent a letter to Plaintiff via the mails wherein Defendant sought to collect a debt on behalf of GE Money Bank DILLARD's in the amount of $98.36.

10.     The Defendant made a false or misleading representation when it attempted to collect a time barred debt and, although included a time barred notice, placed the notice on the back of the letter so that the consumer would be less likely to see said notice.

11.     In the June 13, 2017 letter, the Defendant made false or misleading representations about the debt when it mailed Plaintiff confusing statements as to the actual amount owed on the debt by seeking unlawful interest charges and by asserting three different balance amounts, including an "original balance" of $889.35, a "current balance" of $1,173.98, and a "current due" amount of $98.36.

12.     In the June 13, 2017 letter, the Defendant threatened to take action it could not lawfully take or that it did not intend to take and conveyed a false sense of urgency. To wit, in the letter, Defendant stated, "If we do not recieve your first payment by **07/01/2017** we will review your account and proceed with appropriate collection efforts in accordance with state and federal law."

13.     In the June 13, 2017 letter, the Defendant sought to collect interest that was not authorized by the agreement creating the debt or permitted by law.

14.     As a result of the Defendant's conduct, as herein alleged, Plaintiff has suffered damages, including confusion, emotional distress, embarrassment, humiliation, anxious, stress,

and pecuniary loss, including expenses and postage, entitling her to pursue a private cause of action against Defendant for actual and statutory damages, plus attorney's fees and costs.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692ғ

15.    In connection with the collection of the subject debt, Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia,* seeking to collect time-barred debts that were not authorized by agreement or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

16.    As a result of the violation, Plaintiff suffered actual damages, including confusion, inconvenience, emotional distress, embarrassment, humiliation, anxious, stress, and pecuniary loss, including expenses and postage.

17.    With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

18.    Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692ᴇ

19.    In connection with the collection of the subject debt, Defendant used false or misleading representations, in violation of 15 U.S.C. §1692e. To wit, in its June 13, 2017 letter, Defendant misrepresented the amount of and legal status of the debt and its entitlement to

collect the time-barred debt, failed to adequately disclose that the debt was time-barred, sought to collect unlawful interest charges, and conveyed a false sense of urgency.

20.     As a result of the violation, Plaintiff suffered actual damages, including confusion, inconvenience, emotional distress, embarrassment, humiliation, anxious, stress, and pecuniary loss, including expenses and postage.

21.     With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

22.     Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## CLASS ALLEGATIONS

23.     Plaintiff files this action as a class action on behalf of herself and all individuals who received a letter in the mails from Defendant seeking to collect a debt on behalf of GE Money Bank Dillards during the period commencing one-year before the filing of this action to the filing of this action which included the following disclosure on the reverse side of the letter: "The law in your state limits how long we can seek judicial remedies on this a debt."

24.     This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all others similarly situated with the Class defined as follows: All individuals who received letters from Defendant sent on or after June 13, 2017 seeking payment of past-due debt, time-barred debt.

25.     Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiff, but upon information and belief, the number of individuals within the Class may exceed 200. The true number of Class members is likely to be known to Defendant.

26.     There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff and all Class members received from Defendant dunning letters that failed to comply with the requirements of the FDCPA. The factual basis of Defendant's conduct is common to all Class members and resulted in injury to all Class members.

27.     The questions of law and fact in this case are common to Plaintiff and Class members and include the following:

a.     Did the Defendant make misleading statements in its letters to the Plaintiff and the Class Members?

b.     Did the Defendant seek to collect amounts not authorized by agreement or permitted by law in its letters to Plaintiff and the Class Members?

c.     Did the Defendant fail to comply with the requirements of the FDCPA?

28.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel with experience in FDCPA claims and complex litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class they represent and have the financial resources to do so. Neither Plaintiff nor counsel has any interest adverse to those of the Class.

29.      Plaintiff and members of the Class have suffered and will continue to suffer harm and damage as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of the Class members would likely find the cost of litigating their claims prohibitive and would have no effective remedy at law. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and litigants and promote consistency and efficiency of adjudication.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Kathy Goodman and the putative Class, by counsel, request this Court to:

a.      Certify the Plaintiff's Class, appoint Plaintiff as Class Representative, and appoint undersigned counsel as counsel of record as Class counsel;

b.      Enter judgment against DeKalb County Solutions, Inc. to compensate Plaintiff and the Class Members for their actual damages sustained as set forth in above Counts.

c.      Enter judgment against DeKalb County Solutions, Inc. under the above Counts for statutory damages for the Plaintiff and for each member of the Class.

d.      Enter judgment against DeKalb County Solutions, Inc. for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

e.      Conduct a trial by jury on all issues so triable.

f.      Enter an order temporarily and permanently enjoining DeKalb County Solutions, Inc. from future similar violations of the FDCPA.

g.    Enter an order awarding attorneys' fees and costs herein incurred against DeKalb

County Solutions, Inc.

h.    Grant any and all other relief to which the Court deems appropriate.

Respectfully submitted,

TAYLOR COUCH PLLC

/s/ *Nina B. Couch*
Zachary L. Taylor
Nina B. Couch
2815 Taylorsville Road, Suite 101
Louisville, Kentucky 40205
(502) 625-5000
ztaylor@taylorcouchlaw.com
ncouch@taylorcouchlaw.com